IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED, | ) ) ) ) |
| Petitioners, | ) ) ) |
| v. | ) ) |
| SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC, | ) ) ) ) ) ) |
| Respondents. | ) ) |

**13 CV 0052**

_____ Civ. _____ ( )

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR AN ENTRY OF JUDGMENT

DEBEVOISE & PLIMPTON LLP
David W. Rivkin
dwrivkin@debevoise.com
Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000

_Attorneys for CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited._

Dated: January 2, 2013
        New York, New York

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ...................................................................................1

FACTS ........................................................................................................................2

ARGUMENT...............................................................................................................2

I.      The Court Has Jurisdiction Over the Action and Respondents. ......................2

II.     The Award Should Be Confirmed. ................................................................5

CONCLUSION............................................................................................................6

i

<u>TABLE OF AUTHORITIES</u>

CASES

*Best Van Lines, Inc., v. Walker*, 490 F. 3d 239 (2d Cir. 2007) ....................................................2, 3

*Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108 (2d Cir. 1993) .......................................4

*Hanson v. Denckla*, 357 U.S. 235 (1958) ................................................................................3

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir.1990) .................................................................................................................3

*Stanton Sterling Schultz v. Safra National Bank of N.Y.*, 377 Fed. Appx. 101 (2d Cir. May 17, 2010) ...................................................................................................3

*Trabucco v. Intesa Sanpaolo, S.p.A.*, 695 F. Supp.2d 98, 2010 WL 991621 (S.D.N.Y. Mar. 19, 2010) .................................................................................................2

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir. 1997) ..........................................................................................................2, 4

*Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007) ...........................................................................4

STATUTES & RULES

9 U.S.C. § 202 ....................................................................................................................2

9 U.S.C. § 203 ....................................................................................................................2

9 U.S.C. § 207 .................................................................................................................1, 4

C.P.L.R. § 301 ...................................................................................................................3

C.P.L.R. § 302(a)(1) .........................................................................................................2, 3

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................................2

Petitioners CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") respectfully submit this memorandum of law in support of their Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment (the "Petition").

## PRELIMINARY STATEMENT

This is an action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 207, to confirm a foreign arbitral award and to have judgment entered thereon. A tribunal of three arbitrators issued a final and unanimous arbitration award (the "Award") in favor of CIMC Raffles and against the Schahin Entities.[1] In the Award, the Arbitral Tribunal concluded that the contracts underlying the dispute were clear and unambiguous and that Respondents were obligated to repay the loans made to them by Petitioners. The Arbitral Tribunal awarded Petitioners repayment of their loans, pre-award and post-award interest on the loans, and arbitration costs. Petitioners now seek to confirm the Award in a summary proceeding guaranteed by 9 U.S.C. § 207. The grounds to avoid confirmation are narrowly circumscribed under the Convention, and because none exist here, Petitioners respectfully request prompt confirmation of the Award and entry into judgment.

---

[1] A true and correct copy of the Award transmitted to the Parties on December 28, 2012 is attached to the Declaration of David W. Rivkin, dated January 3, 2012 ("Rivkin Declaration"), as Exhibit 1.

## FACTS

On August 23, 2010, Petitioners and Respondents entered into two contractual agreements (the "Agreements"),[2] under which Petitioners made loans to Respondents. The contracts contained agreements to arbitrate disputes arising from them. All arbitrations were to take place in New York City, and the Agreements themselves were governed by New York law. Respondents breached the Agreements by not repaying the loans. Petitioners commenced arbitration to obtain repayment of the loans plus interest. After discovery, written submissions, and a full-day evidentiary hearing, the Arbitral Tribunal issued a final Award in the Petitioners' favor.

## ARGUMENT

I.      **The Court Has Jurisdiction Over the Action and Respondents.**

The Award is an international award between foreign parties, and thus is governed by the Convention. *See* 9 U.S.C. § 202; *see also Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir.1997) (holding that the Convention governed arbitration award an rendered in the United States and arising from a dispute involving foreign parties). The Convention provides this Court subject matter jurisdiction over this dispute. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.").

---

[2] True and correct copies of the Agreements are attached to the Rivkin Declaration as Exhibits 2-3.

This Court also has personal jurisdiction over Respondents.  In assessing personal jurisdiction over foreign corporations, federal courts must first determine whether the defendant is subject to jurisdiction under the long-arm statute of the forum state.  *See* Fed. R. Civ. P. 4(k)(1)(A).  If the forum statutory requirement is met, courts then consider whether exercising jurisdiction over the defendant would be consistent with federal due process requirements.  *Best Van Lines, Inc., v. Walker*, 490 F. 3d 239, 242 (2d Cir. 2007).

In this action, there are two independent grounds for statutory personal jurisdiction.  First, N.Y. C.P.L.R. § 302(a)(1) establishes personal jurisdiction over a foreign corporation that "transacts any business" in New York, and the cause of action arises from such a transaction. Courts have routinely held that a foreign corporation "transacts business" by purposefully availing itself of the privilege of conducting activities within New York.  *See, e.g. Trabucco v. Intesa Sanpaolo, S.p.A.*, 695 F. Supp.2d 98, 2010 WL 991621 (S.D.N.Y. Mar. 19, 2010).  Here, Respondents agreed to an arbitration to take place in New York City and contracted for New York law to govern the underlying Agreements.  Respondents also participated in the New York arbitration and are currently bound by an Award rendered in this District.  Respondents clearly, consistently and purposely availed themselves of the privileges of conducting activity within New York.  Respondents' activities in New York are the basis of this present Petition, and consequently the requirements of NY C.P.L.R. § 302(a)(1) are met.

N.Y. C.L.P.R. § 301 provides an additional ground for personal jurisdiction over Respondents.  New York law provides personal jurisdiction over foreign corporations "doing business" in the state.  *See* N.Y. C.P.L.R. § 301 (codifying case law on the "doing business" standard); *see also Wiwa v. Royal Dutch Petrol*. Co. 226 F.3d 88, 95 (2d Cir. 2000).  A foreign

corporation is "doing business" in New York if its activity is "continuous, permanent, and substantial." *Id.* (quoting *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990)).  Moreover, the presence of defendant-owned bank accounts can support a finding that a defendant is "doing business" in New York.  *See Stanton Sterling Schultz v. Safra National Bank of N.Y.*, 377 Fed. Appx. 101, 103 (2d Cir. May 17, 2010).  On information and belief, Respondents hold multiple bank accounts, called "Project Accounts," in New York City.  Respondents use these accounts to take in millions of dollars of revenue, service debts and make operational and maintenance payments, including payments for payroll, insurance, government and professional fees.  The business Respondents conduct using these bank accounts is continuous, permanent and substantial.  The bank accounts are an important part of Respondents' ordinary business operations.  These bank accounts alone are sufficient to establish personal jurisdiction under N.Y. C.P.L.R. § 301.

Once the forum statutory requirements for personal jurisdiction are met, as they are here, courts will consider the Constitutional requirements.  In this regard, the Second Circuit has determined that "[t]he crucial question is whether the  defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Best Van Lines Inc., v. Walker,* 490 F. 3d 239 at 242 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  By arbitrating in New York and managing million-dollar project funds in the state, Respondents actively sought out New York and the state's benefits and protections.  Consequently, the Court has personal jurisdiction over Respondents.

## II.      The Award Should Be Confirmed.

The confirmation of a foreign arbitral award is intended to be a summary process. *See Yusuf Ahmed Alghanim*, 126 F.3d at 23 (finding that a court's review of arbitral awards under the Convention is "'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)) (ellipsis in original)). Therefore, Section 207 of the Convention provides that courts "shall" confirm arbitration awards under the Convention unless one of the grounds for refusal provided in the Convention applies. Accordingly, the party challenging confirmation of the award has a "heavy" burden of establishing a legitimate basis for non-enforcement. *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007) (quoting *Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)).

In the present action, Respondents simply have no grounds under the Convention to challenge confirmation. The procedures establishing the Arbitral Tribunal and conducting the hearing were proper and in accordance with a valid agreement to arbitration. Both Parties submitted multiple rounds of briefings, documentary evidence, witness testimony and had the opportunity to be heard at a full-day hearing. Based on these submissions, the Arbitral Tribunal issued a unanimous award addressing all of the issues raised by the Parties. Accordingly, the Award should be confirmed, and judgment should be entered in favor of Petitioners.

## CONCLUSION

For all the foregoing reasons, Petitioners respectfully request that this Court grant an

order confirming the Award and directing that judgment be entered in favor of Petitioners against

Respondents

Dated: January 2, 2012

Respectfully submitted,
DEBEVOISE & PLIMPTON LLP

David W. Rivkin
dwrivkin@debevoise.com
Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000

*Attorneys for Petitioners*

6