IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR UNOPPOSED PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR AN ENTRY OF JUDGMENT AGAINST SORATU DRILLING LLC, BAERFIELD DRILLING LLC AND BLACK GOLD DRILLING LLC**

DEBEVOISE & PLIMPTON LLP
David W. Rivkin
dwrivkin@debevoise.com
Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com
919 Third Avenue
New York, New York  10022
Telephone:  212-909-6000

*Attorneys for CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited.*

Dated: March 6, 2013
       New York, New York

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTS ...........................................................................................................................................1

ARGUMENT..................................................................................................................................2

    I.       BDL, SDL and Black Gold do not Oppose the Petition. ......................................................2

    II.      CIMC Raffles have Sufficiently Supported the Petition and Demonstrated that
There are no Questions of Material Fact.............................................................................2

    III.     CIMC Raffles Should be Granted Costs and Attorney's Fees.............................................4

CONCLUSION...............................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**

*Ace Property & Cas. Ins. Co. v. AXA Re*, No. 11 Civ. 7050 (DLC), 2012 WL 43254, (S.D.N.Y. Jan. 9, 2012)..................................................................................................3

*Celsus Shipholding Corp. v. Pelayaran Kanaka Dwimitra Manunggal*, No. 06 Civ. 13598 (DLC), 2008 U.S. Dist. LEXIS 12842 (S.D.N.Y Feb. 21, 2008) ..................5

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)..............................2, 3

*Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43 (2d Cir. 1985).......................................................................................5

*The Trustees of the Unite Here Nation-Al Health Fund, et al. v. JY Apparels, Inc.*, 535 F. Supp. 2d 426 (S.D.N.Y. Feb. 19, 2008) ............................................................3

**STATUTES**

9 U.S.C. §§ 1 et seq..........................................................................................................4

9 U.S.C. §§ 201-08 ..........................................................................................................4

9 U.S.C. § 207..................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d) .......................................................................................................4

Fed. R. Civ. P. 56(a) .......................................................................................................3

Fed. R. Civ. P. 12(a)(1)(A) .............................................................................................2

Petitioners CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") respectfully submit this memorandum of law in support of their Motion for Unopposed Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment.

## PRELIMINARY STATEMENT

CIMC Raffles filed a Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment (the "Petition") in this action on January 2, 2013. On January 23, 2013, CIMC Raffles properly served a Summons and the Petition on Soratu Drilling LLC ("SDL"), Baerfield Drilling LLC ("BDL"), and Black Gold Drilling LLC (collectively, the "Delaware Respondents"). The Delaware Respondents had twenty-one days to issue a response to the Petition but failed to do so, and therefore do not oppose the Petition. The record before the Court is complete, and there are no issues of material fact in dispute. As a result, the Court should enter final judgment against the Delaware Respondents and grant the Petition in full, including pre-judgment interest, post-judgment interest, costs and attorney's fees.

## FACTS

On December 26, 2012, an Arbitral Tribunal ("Arbitral Tribunal") rendered a final arbitration award in favor of Petitioners CIMC Raffles and against Respondents. *See* Supplemental Declaration of Nwamaka G. Ejebe, dated February 14, 2013, ¶¶ 3-6, Exhibits 1-2. In the award ("Final Award"), the Arbitral Tribunal concluded that the contracts underlying the dispute were clear and unambiguous, and that Respondents were obligated to repay the loans made to them by Petitioners. On January 2, 2013, CIMC Raffles issued a demand letter to Respondents in which Petitioners requested that they abide by the terms of the Final Award and

make immediate and full payment. *See* Declaration of David W. Rivkin, dated March 6, 2013 ("Rivkin Decl.") ¶ 1, Exhibit1. On the same day, CIMC Raffles filed the Petition. Since the issuance of the Final Award, Petitioners have sent Respondents multiple demand letters, but Respondents have yet to fulfill the terms of the Final Award. *See* Rivkin Decl. ¶ 3, Exhibit 1. On January 23, 2013, CIMC Raffles served each Delaware Respondent a Summons, the Petition and supporting documents, this Court's Individual Practices and ECF Rules, through its registered agent in Wilmington, DE. *See* Rivkin Decl. at ¶ 4, Exhibit 2. Pursuant to Fed. R. Civ. P. Rule 12(a)(1)(A), Delaware Respondents had twenty-one days, until February 13, 2013, to respond to the Petition. They failed to respond to the Petition by that date. Delaware Respondents also failed to appear at a scheduling conference on March 4, 2013, despite this Court's explicit order that they attend.

## ARGUMENT

### I.  BDL, SDL and Black Gold Do Not Oppose the Petition.

The Delaware Respondents were properly served on January 23, 2013. *See* Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure required that these Respondents serve an answer within twenty-one days of service. They did not oppose the Petition by that deadline, nor did they request an extension of time. To this day, the Delaware Respondents have yet to file any response to the Petition.

### II.  CIMC Raffles Have Sufficiently Supported the Petition and Demonstrated that There Are No Questions of Material Fact.

In the Second Circuit, unopposed petitions to confirm arbitration awards are treated like unopposed summary judgment motions. S*ee D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d

95,109 (2d Cir. 2006) ("[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."); *see also The Trustees of the Unite Here Nation-Al Health Fund, et al. v. JY Apparels, Inc.*, 535 F. Supp.2d 426, 428 (S.D.N.Y. Feb. 19, 2008) (quoting *Gottdiener*, 462 F.3d at 110) ("[G]enerally, a district court should treat an unanswered ... petition to confirm/vacate as an unopposed motion for summary judgment. In essence, the petition and the accompanying record became a motion for summary judgment.") (Internal quotations marks removed.)

When Respondents fail to respond to these applications, courts examine the moving party's submissions as well as the record to determine that no material issue of fact remains for trial. *Id.* Like a motion for summary judgment, an unopposed petition to confirm an arbitration award must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also Ace Property & Cas. Ins. Co. v. AXA Re*, No. 11 Civ. 7050 (DLC), 2012 WL 43254, at *1 (S.D.N.Y. Jan. 9, 2012).

In this case, the record is complete, and there are no material issues of fact in dispute. The record before this Court contains valid arbitration agreements, a valid Final Award and sworn affidavits declaring that BDL, SDL and Black Gold were properly served. *See* Declaration of David W. Rivkin, dated January 2, 2013 at ¶¶ 4-5, Exhibits 2-3. Respondents have not submitted any opposition to raise a question of fact.

Moreover, Petitioners are entitled to confirmation of their Petition as a matter of law. Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, requires that "[t]he court <u>shall</u> confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (Emphasis added.) Respondents

simply have no grounds under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented by 9 U.S.C. §§ 201-08, or the Federal Arbitration Act, codified at 9 U.S.C. §§ 1 et seq., to challenge confirmation. The procedures establishing the Arbitral Tribunal and conducting the hearing were proper and in accordance with a valid agreement to arbitration. Both Parties submitted multiple rounds of briefings, documentary evidence, witness testimony and had the opportunity to be heard at a full-day hearing. Based on these submissions, the Arbitral Tribunal issued a unanimous award addressing all of the issues raised by the Parties.

### III.   CIMC Raffles Should be Granted Costs and Attorney's Fees.

In addition to entering the terms of the Final Award as judgment, Petitioners request that this Court grant them the costs of this action and attorney's fees and costs. Respondents' actions fully justify the issuance of these amounts.

Pursuant to Federal Rules of Civil Procedure 54(d), costs for this action are appropriate. The rule provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There are no statutes or rules that prohibit the provision of costs in this action. The filing fee for the Petition was US$350.00. *See* Rivkin Decl. ¶ 6.

The Court is justified in granting attorney's fees as a result of the Delaware Respondents' actions. This Court may use its equitable powers to award attorney's fees whenever a party refuses to comply with the terms of a final arbitration award. The Second Circuit has concluded that:

> "[P]ursuant to its inherent equitable power, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to

4

> suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *see also Celsus Shipholding Corp. v. Pelayaran Kanaka Dwimitra Manunggal*, No. 06 Civ. 13598 (DLC), 2008 U.S. Dist. LEXIS 12842, * 4 (S.D.N.Y. Feb. 21, 2008) ("[T]he defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorneys' fees and costs for the confirmation proceeding is granted . . . .")

The Arbitral Tribunal ordered BDL and SDL to pay the full amount of the Final Award by January 27, 2013. The Final Award also specified that if those amounts were not paid by January 27, 2013, all six Respondents, including Black Gold, were liable for the amounts due. The Delaware Respondents have failed to heed the Arbitral Tribunal's decision and have forced CIMC Raffles to incur attorney's fees to pursue enforcement of the Final Award in this Court. Petitioners have incurred US$69,582.68 in attorney's fees and costs in order to enforce the Petition against the Delaware Respondents. *See* Rivkin Decl. ¶ 9. Respondents have not provided CIMC Raffles or the Court any justification for not abiding with the Arbitral Tribunal's Final Award. Attorney's fees therefore should be granted.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter the Unopposed Petition against SDL, BDL and Black Gold and order the relief requested.

Dated: March 6, 2013

                              Respectfully submitted,
                              DEBEVOISE & PLIMPTON LLP
                              *[signature]*

David W. Rivkin
dwrivkin@debevoise.com
Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com
919 Third Avenue
New York, New York 10022
Telephone:  212-909-6000

*Attorneys for Petitioners*