IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE ON FOREIGN RESPONDENTS

DEBEVOISE & PLIMPTON LLP
David W. Rivkin
dwrivkin@debevoise.com
Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com

919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000

*Attorneys for CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited.*

Dated: March 6, 2013
       New York, New York

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

FACTS ..............................................................................................................................................1

ARGUMENT....................................................................................................................................4

I.  Rule 4 of the Federal Rules of Civil Procedure Authorizes Service by Alternative Means...................................................................................................................................4

    A.  International Agreements Do Not Prohibit the Proposed Alternative Service Methods...................................................................................................................4

    B.  The Proposed Alternative Means are Reasonably Calculated to Provide Notice.......................................................................................................................6

        1.  Service by hand on US counsel .................................................................6

        2.  Service by Federal Express.........................................................................7

        3.  Service by Email........................................................................................7

II. Alternative Means of Service is Warranted to Prevent Unnecessary Delay........................7

CONCLUSION..................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560 (C.D. Cal.2012) ........................................5

*D. H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2nd Cir. 2006) ..................................................7

*In re GLG Life Tech Corp. Securities Litigation*, No. 11 Civ. 09150(KBF)(GWG) 2012 WL 5472399, (S.D.N.Y. Nov. 9, 2012) ..................................................4, 5, 8

*Kreimerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634 (5th Cir.1994) ..........................................5

*Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 WL 52509, (D. Me. Jan. 6, 2011) ....................8

*Russell Brands, LLC v. GVD Intern. Trading*, SA 282 F.R.D. 21 (D. Mass Mar. 19, 2012) ..............................................................................8

*United States v. Machat*, No. 08 Civ. 7936, 2009 WL 3029303, (S.D.N.Y. Sept. 21, 2009) ........................................................................4

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) ..........................................4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(f)(1) and 4(h)(2) ..........................................................................5

Fed. R. Civ. P. 4(h)(2) and 4(f)(3) ..........................................................................1, 4

Fed. R. Civ. P. 4(d) ..........................................................................2

Fed. R. Civ. P. 4(f)(3) ..........................................................................8

Inter-American Convention on Letters Rogatory, January 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess. (1984) ..........................................................................4

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ..........................................................5

Petitioners CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") respectfully submit this memorandum of law in support of their application for alternative service of process on Respondents Schahin Holding S.A. ("Schahin Holding"), Schahin Engenharia S.A. ("Schahin Engenharia") and Sea Biscuit International Inc. ("Sea Biscuit") (collectively, the "Foreign Respondents"), pursuant to Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3).

## PRELIMINARY STATEMENT

Petitioners apply to this Court for an order that (1) Schahin Holding and Schahin Engenharia may be served through their U.S. counsel (Mr. Paul Hessler and Mr. Michael Bassett) and by Federal Express and email; and (2) Sea Biscuit may be served through their U.S. counsel (Mr. Paul Hessler and Mr. Michael Bassett). Schahin Holding, Schahin Engenharia and Sea Biscuit already have actual notice of these proceedings; this order is necessary and just, so that Petitioners can pursue enforcement of their validly obtained Final Award without additional and unnecessary delay.

## FACTS

On December 26, 2012, an Arbitral Tribunal ("Arbitral Tribunal") rendered a final arbitration award in favor of CIMC Raffles and against six related Respondents. *See* Supplemental Declaration of Nwamaka G. Ejebe, dated February 14, 2013 ("Ejebe Declaration") ¶¶ 3-6, Exhibits 1-2. Although three of the Respondents were Delaware entities, two were Brazilian, and one was incorporated in the British Virgin Islands, all Respondents had the same two directors, the same chief financial officer and were represented in the arbitration by Paul

Hessler of Linklaters LLP (New York). *See* Ejebe Declaration ¶ 3, Exhibit 1 at 1-2; Declaration of David W. Rivkin, dated March 6, 2013 ("Rivkin Decl.") ¶ 3, Exhibit1.

On January 2, 2013, CIMC Raffles filed the petition ("Petition") to confirm the Final Award and enter it as judgment. On the same day, counsel for CIMC Raffles, David W. Rivkin and Nwamaka Ejebe of Debevoise & Plimpton LLP, contacted Paul Hessler and his colleague, Linda Regis-Hallinan, and informed them that CIMC Raffles had filed the Petition. *See* Rivkin Decl.¶ 4, Exhibit 2. Between January 3 and January 22, 2013, Mr. Rivkin exchanged multiple calls and voice messages with Mr. Hessler and Ms. Regis-Hallian. During these calls, Mr. Rivkin repeatedly requested that Mr. Hessler accept service on behalf of Respondents. Mr. Hessler and Ms. Regis-Hallinan promised to provide an answer to this request once they had a chance to confer with their clients, but they never did.

Ultimately, Petitioners were forced to serve Baerfield Drilling LLC, Soratu Drilling LLC and Black Gold Drilling LLC (collectively, "Delaware Respondents") on January 23, 2013 and did so through their registered agent in Wilmington, Delaware. *See* Rivkin Decl.¶ 5, Exhibit 3. In a letter, dated January 30, 2013, CIMC Raffles requested waiver of service of process from the Foreign Respondents. *See* Rivkin Decl.¶ 6, Exhibit 4. In accordance with Federal Rules of Civil Procedure Rule 4(d), CIMC Raffles sent each of these Respondents a copy of the Petition and its supporting documents, two copies of a waiver form and a prepaid means for returning the form. CIMC Raffles also sent Respondents this Court's Individual Rules and SDNY's ECF Rules and Instructions. CIMC Raffles addressed the letter, and its enclosures, to Mr. Salim Taufic Schahin and Mr. Milton Taufic Schahin, the directors of all six Respondents, and sent copies to Mr. João Alves Meira Neto, a member of Respondents' Legal Department and

2

Respondents' designated party representative in the underlying arbitration, Mr. Hessler, Ms. Regis-Hallinan and Mr. Michael Bassett, the Linklaters attorney who negotiated the underlying contracts on the behalf of Respondents. The letters were successfully delivered, but Respondents did not waive service. *See* Rivkin Decl.¶ 6, Exhibit 4.

During a call on February 8, 2013, Ms. Ejebe asked Mr. Hessler if he would be willing to accept service on the behalf of the Foreign Respondents. Mr. Hessler informed her that he represented the respondents that had been served, but had not yet received instruction from his clients on the remaining respondents.

On February 20, 2013, CIMC Raffles provided Mr. Hessler a copy of the Notice of Court Conference and copied Mr. Hessler on a letter to the Court, in which CIMC Raffles explained that they believed Mr. Hessler, represented all six Respondents. *See* Rivkin Decl.¶¶ 7-8, Exhibits 5-6. On February 26, 2013, Mr. Rivkin emailed Mr. Hessler to discuss case management and discovery issues. The next day, Mr. Hessler informed Mr. Rivkin that he did not represent any of the Respondents in the confirmation proceedings. *See* Rivkin Decl.¶ 9, Exhibit 7. Immediately, CIMC Raffles wrote a letter addressed to Respondents' directors, which informed them that they were still required to appear at the court conference scheduled for March 4, 2013. The letter was faxed to Mr. Hessler and Mr. Bassett on February 27, 2013 and emailed to Mr. Salim Taufic Schahin, Mr. Joao Alves Meira Neto and Mr. Fernando Schahin, Respondents' Chief Financial Officer, the next day. *See* Rivkin Decl.¶ 10, Exhibit 8.

Despite clear instructions by this Court to attend, Respondents did not appear at the conference on March 4, 2013. CIMC Raffles has asked Mr. Hessler to explain exactly when he

3

was instructed to no longer represent Respondents in this action, but he has failed to provide them with a clear answer. *See* Rivkin Decl.¶ 9, Exhibit 7.

## ARGUMENT

I. **Rule 4 of the Federal Rules of Civil Procedure Authorizes Service by Alternative Means**

Federal courts have wide discretion and power under Rule 4(h)(2) and 4(f)(3) of Federal Rules of Civil Procedure to compel service of process on foreign corporations "by any means not prohibited by international agreement, as the court orders." Parties need not exhaust other options before seeking alternative means of service. *See In re GLG Life Tech Corp. Securities Litigation*, No. 11 Civ. 09150(KBF) (GWG) 2012 WL 5472399, at * 4 (S.D.N.Y. Nov. 9, 2012). Alternative service is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *United States v. Machat*, No. 08 Civ. 7936, 2009 WL 3029303, at * 3 (S.D.N.Y. Sept. 21, 2009) (Internal quotation marks omitted).

Alternative means of service are appropriate under these rules if two requirements are met. First, the proposed alternative means of service cannot be prohibited by an international agreement. Second, the proposed method must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)). Both requirements are satisfied in this case.

   A. **International Agreements Do Not Prohibit the Proposed Alternative Service Methods**

4

Counsel is not aware of any international agreement that prohibits the proposed methods of alternative service. Schahin Holding and Schahin Engenharia are Brazilian companies. Brazil is a signatory to the Inter-American Convention on Letters Rogatory, January 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess. (1984) ("Inter-American Convention"), but is not a member of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). The Inter-American Convention does not prohibit the use of alternative methods of service. *Kreimerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 640 (5th Cir.1994).

Sea Biscuit is a British Virgin Island entity. Through the United Kingdom, the British Virgin Island is a party to the Hague Convention. The Hague Convention does not prohibit alternative means of service. Nevertheless, when documents are transmitted abroad to a country which is party to the Hague Convention, the Hague Convention is triggered and its prescribed means of service should be used.[1] *See Volkswagenwerk AG*, 486 U.S. at 705. Consequently, CIMC Raffles requests alternative service on Sea Biscuit only through Sea Biscuit's counsel in New York, and not by Federal Express or email. Serving foreign defendants through their domestic counsel is an alternative method of service that is routinely ordered by federal courts and does not require the use of the Hague Convention because documents are never transmitted

---

[1] Petitioners are attempting to serve Sea Biscuit through international registered mail as permitted by Article 10(a) of the Hague Convention and Fed. R. Civ. P. 4(f)(1) and 4(h)(2). CIMC Raffles posted this package on February 5, 2013, but it has yet to arrive at Sea Biscuit's registered office in Tortola, BVI. At present, the package is in a sorting facility in Miami, Florida. The Post Office has been unable to explain the reason for this delay and cannot guarantee when this package will be delivered. *See* Rivkin Decl.¶¶ 11-12, Exhibits 9-10. Accordingly, Petitioners seek an order permitting alternative service on Sea Biscuit to prevent any additional delays in these proceedings.

abroad by plaintiffs. *See In re GLG Life,* 2012 WL 5472399, at * 4 (S.D.N.Y. Nov. 9, 2012) (granting alternative service on Canadian citizen living in China through his counsel in the United States); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D. Cal.2012) (authorizing alternative service on Chinese defendants through US counsel or registered agent).

### B.  The Proposed Alternative Means are Reasonably Calculated to Provide Notice

All of the proposed service methods are reasonably guaranteed to provide Schahin Holding, Schahin Engenharia and Sea Biscuit notice.

#### 1.  Service by hand on US counsel

Service by hand on Mr. Bassett and Mr. Hessler is reasonably calculated to alert Foreign Respondents of this action. Although Linklaters LLP has not formally appeared in these proceedings, the firm has a long-standing relationship with Foreign Respondents and presently represents them in multiple proceedings in the United States and abroad. *See* Rivkin Decl.¶¶ 13-15, Exhibits 11-12. As mentioned previously, Mr. Bassett was the Linklaters attorney who negotiated the underlying agreements. In fact, pursuant to the notice provision of the underlying agreements (Article 21), Mr. Bassett is required to receive a copy of all communications relating to the underlying contracts. *See* Declaration of David W. Rivkin, dated January 2, 2013 ("Petition Rivkin Decl.") ¶¶ 4-5, Exhibits 2-3.

Mr. Hessler continues to represent the Respondents in the underlying arbitration and remains in contact with them. *See* Rivkin Decl.¶ 14, Exhibit 11. As is evident by the mention of "Schahin Engenharia, S.A. and related companies" on his online profile, Respondents are important clients of Mr. Hessler's, and he can be relied upon to transmit the relevant documents to them. *See* Rivkin Decl.¶ 16, Exhibit 13.

### 2. Service by Federal Express

Service by Federal Express to the Brazilian offices of the Foreign Respondents is also reasonably calculated to provide notice. Under the notice provision of the underlying contracts, Respondents provided CIMC Raffles the names and addresses to which communications to them should be sent. On multiple occasions, including the transmittal of the waiver of service requests, Petitioners have successfully delivered documents to these two addresses.

### 3. Service by Email

And finally, service by email to three key Schahin officials is reasonably calculated to provide them notice. CIMC Raffles has the email addresses of one Schahin director, Mr. Salim Taufic Schahin, Respondents' chief financial officer, Fernando Schahin, and an in-house counsel, Mr. João Alves Meira Neto. Petitioners recently used these email addresses to communicate with these officials.

## II. Alternative Means of Service is Warranted to Prevent Unnecessary Delay

The confirmation of an arbitration award is intended to be "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D. H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006). Petitioners have a valid award and should be allowed to enforce it without delay. Alternative service would prevent unnecessary delay in a few ways.

*First*, there can be no question that Foreign Respondents already have actual notice of these proceedings, and their refusal to waive service is a simply a delay tactic to prevent the ultimate enforcement of the Final Award. The Delaware Respondents were properly served with a Summons and Petition over a month ago. Foreign Respondents share the same directors,

7

in-house counsel and arbitration counsel as their co-respondents, and must be on notice of this action. For two months, Mr. Hessler represented the Foreign Respondents in these proceedings by entertaining CIMC Raffles' requests for service, accepting CIMC Raffles' demand letters and scheduling appointments to make joint calls to the Rakoff Chambers. *See* Rivkin Decl. ¶ 17, Exhibit 14. Less than a week before the scheduling conference, Mr. Hessler told CIMC Raffles that he no longer represented Respondents in this action. This sudden change appears to be an attempt to forestall service on the Foreign Respondents. Federal courts have ordered alternative service on counsel who have been instructed not to accept service by their client. *See Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 WL 52509, at * 3 (D. Me. Jan. 6, 2011) ("By instructing his attorneys not to accept service on his behalf, the defendant can only be said to be avoiding service of process with respect to a claim and an action of which he is already well aware."). Given the behavior of the Foreign Respondents, such an order is appropriate in these proceedings.

*Second*, service using the traditional methods outlined in the Hague Convention and the Inter-American Convention could take months, and in the case of the Inter-American Convention, perhaps years. District courts have repeatedly ordered alternative service because other means of service would take too long. *See In re GLG Life*, 2012 WL 5472399, at *4. ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)."); *Lyman*, 2011 WL 52509, at * 3 (allowing service on Brazilian defendants' local and foreign counsel because service through the Inter-American Convention would be too prolonged).

*Third*, requiring the use of international conventions to achieve service on foreign defendants makes little sense in a situation where foreign defendants contracted to have disputes resolved in the United States and to be governed by United States law. *See Russell Brands, LLC v. GVD Intern. Trading,* SA 282 F.R.D. 21 (D. Mass Mar. 19, 2012) (allowing alternative service on Brazilian defendant because underlying contract required litigation to take place in Massachusetts and not Brazil). In this case, Delaware and Foreign Respondents contracted in the underlying agreements to have disputes resolved in arbitration in New York City. They selected New York state law to govern the terms of the underlying agreements and held a six-month arbitration in Manhattan. *See* Petition Rivkin Decl. ¶¶ 4-5, Exhibits 2-3 at Art. 22. Mr. Hessler represented all six Respondents at every stage of the arbitration proceedings. The present action is to confirm the award which was rendered in that New York arbitration. Petitioners submit that the method of service of process which is *most likely* to put Respondents on notice and to give them the opportunity to object, is in fact, service on the arbitration counsel.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant their application for an order authorizing alternative service on Schahin Holding, Schahin Engenharia and Sea Biscuit.

Dated: March 6, 2013

> Respectfully submitted,
> DEBEVOISE & PLIMPTON LLP
>
> David W. Rivkin
> dwrivkin@debevoise.com

Nwamaka G. Ejebe (Not admitted in the SDNY)
nejebe@debevoise.com

919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000

*Attorneys for Petitioners*