D348CIMC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CIMC RAFFLES OFFSHORE (SINGAPORE)
LIMITED,

            Petitioners,

        v.                              13 Cv. 52 (JSR)

SCHAHIN HOLDINGS S.A., et al.,

            Defendants.

------------------------------x
                                        March 4, 2013
                                        11:20 a.m.
Before:

                    HON. JED S. RAKOFF

                                        District Judge

                        APPEARANCES

DEBEVOISE & PLIMPTON LLP
     Attorneys for Petitioners
BY:  DAVID W. RIVKIN
     NWAMAKA GENEVIEVE EJEBE
```

1           (Case called)
2           THE DEPUTY CLERK:  Will everyone please be seated and
3    will the parties please identify themselves for the record?
4           MR. RIVKIN:  My name is David W. Rivkin from Debevoise
5    & Plimpton, and we represent the petitioner here CIMC Raffles.
6    And with me is Nwamaka Ejebe from Debevoise & Plimpton.
7           THE COURT:  Bear with me for a minute.  I am looking
8    for my file.
9           So who have you served?
10          MR. RIVKIN:  We have served three of the respondents,
11   your Honor, BDL, SDL and Black Gold.  They are all located in
12   the United States.
13          THE COURT:  Did you advise them of today's hearing?
14          MR. RIVKIN:  Yes, we did.  We advised their counsel,
15   who suddenly advised us that he was no longer their counsel,
16   your Honor.  We served Paul Hessler of Linklaters who
17   represented them and the other three defendants in the
18   underlying arbitration.  Mr. Hessler and Linklaters are
19   representing all six of the defendants in some related action
20   in New York State supreme court and in related actions in the
21   UK, both in arbitration and litigation there.  However,
22   suddenly last week, with this court conference impending,
23   Mr. Hessler informed us that he was not representing the
24   defendants in this case.  It's clearly just an attempt to try
25   to avoid service.

1               THE COURT:  Do you want to move for default judgment?
2               MR. RIVKIN:  Yes, your Honor, with respect to the
3    three whom we have served.  Actually, we would move that the
4    petition be granted on summary judgment.  In this circuit,
5    under the *Blair* case and some SDNY cases, it's to be treated as
6    a motion for summary judgment when it's unopposed.  There are
7    no genuine issues of material fact, and we think your Honor can
8    enter the judgment on the award against the three defendants
9    who have been served today.
10              THE COURT:  Well, it's still a default judgment.  It
11   may be a default summary judgment, but it needs to recite that
12   there has been no entry by the served parties.  So when can you
13   make that motion?
14              MR. RIVKIN:  I could make it orally today.
15              THE COURT:  No.
16              MR. RIVKIN:  We can make it within a couple of days.
17              THE COURT:  All right.  Why don't you serve that
18   motion by Wednesday, make it returnable next Monday at 9 a.m.
19   Do your best to serve copies on the parties in the same manner
20   that you originally served them.  How did you originally serve
21   them?
22              MR. RIVKIN:  We served them by facsimile and e-mail
23   consistent with the underlying agreements.
24              THE COURT:  That's fine.  You can do the same.
25              MR. RIVKIN:  We will continue to inform Mr. Hessler.

D348CIMC

1           THE COURT:  At 9:00 someone will have to show up here.
2    My practice is to wait a half hour or so.  You will probably be
3    alone in the courtroom.  We will actually have an ongoing jury
4    trial, but if by 9:30 no one has shown up, then default
5    judgment will be entered.
6           Now, tell me about the other three.
7           MR. RIVKIN:  The other three, one of them is located
8    in the British Virgin Islands, two in Brazil.  Service under
9    the Hague Convention on the British Virgin Islands or the
10   Inter-American Convention on the Brazilian parties can take six
11   months to a year.  We would ask your Honor -- again, we can
12   serve this in writing on Wednesday -- to order alternative
13   means of service under Rule 4(f)(3).  There is plenty of
14   authority for that, particularly a case like this where counsel
15   here in New York has represented the defendants.
16          THE COURT:  That's fine.
17          MR. RIVKIN:  Either that service would be on
18   Mr. Hessler or it would be on the directors who already have
19   received notice.
20          THE COURT:  I think it should be on both.
21          Then in that service, tell them that there will be a
22   conference at 9:00 on next Monday so if any of them want to
23   show up they can.
24          MR. RIVKIN:  We will do that.
25          THE COURT:  Anything else we need to take up today?

D348CIMC

1          MR. RIVKIN:  No.  I think those are the only issues.
2     I am not sure in these circumstances your proposed scheduling
3     order --
4          THE COURT:  It doesn't fit this situation.
5          Thanks very much.
6          (Adjourned)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25