IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED, <br><br> Petitioners, <br><br> v. <br><br> SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC, <br><br> Respondents. | 13 Civ. 0052 (JSR) <br> ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR UNOPPOSED PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR AN ENTRY OF JUDGMENT AGAINST SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., AND SEA BISCUIT INTERNATIONAL INC.**

| | |
|---|---|
| **SCHULMAN BLACKWELL LLP** <br> Dan J. Schulman <br> Christopher A. Blackwell <br> 11 Broadway, Suite 615 <br> New York, New York 10004 <br> Tel: (646) 688-5214 <br> Fax: (646) 304-1117 <br> dschulman@schulmanblackwell.com <br> *Co-counsel for Petitioners* <br> *CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited* | **DEBEVOISE & PLIMPTON LLP** <br> David W. Rivkin <br> Nwamaka G. Ejebe <br> 919 Third Avenue <br> New York, New York 10022 <br> Tel: (212) 909-6000 <br> Fax: (212) 909-6836 <br> dwrivkin@debevoise.com <br> *Co-counsel for Petitioners* <br> *CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited* |

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**FACTS** ........................................................................................................................................1

**ARGUMENT** ..............................................................................................................................3

    I.      Schahin Holding, Schahin Engenharia and Sea Biscuit Do Not Oppose the Petition. ............................................................................................................................3

    II.     CIMC Raffles Have Sufficiently Supported the Petition and Demonstrated that There Are No Questions of Material Fact.......................................................................4

    III.    CIMC Raffles Should be Granted Costs and Attorney's Fees............................................5

**CONCLUSION** ..........................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Ace Property & Cas. Ins. Co. v. AXA Re*, No. 11 Civ. 7050 (DLC), 2012 WL 43254, (S.D.N.Y. Jan. 9, 2012)......................................................................................................3

*Celsus Shipholding Corp. v. Pelayaran Kanaka Dwimitra Manunggal*, No. 06 Civ. 13598 (DLC), 2008 U.S. Dist. LEXIS 12842 (S.D.N.Y Feb. 21, 2008) ....................5

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)..............................................2, 3

*Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43 (2d Cir. 1985)....................................................................................................5

*The Trustees of the Unite Here Nation-Al Health Fund, et al. v. JY Apparels, Inc.*, 535 F. Supp. 2d 426 (S.D.N.Y. Feb. 19, 2008) .................................................................3

**STATUTES**

9 U.S.C. §§ 1 et seq......................................................................................................................4

9 U.S.C. §§ 201-08 .....................................................................................................................4

9 U.S.C. § 207..............................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d) ....................................................................................................................4

Fed. R. Civ. P. 56(a) ....................................................................................................................3

Fed. R. Civ. P. 12(a)(1)(A) ..........................................................................................................2

Petitioners CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") respectfully submit this memorandum of law in support of their Motion for Unopposed Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment against Schahin Holding S.A., Schahin Engenharia S.A., and Sea Biscuit International Inc..

## PRELIMINARY STATEMENT

CIMC Raffles filed a Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment (the "Petition") in this action on January 2, 2013. On March 15, 2013, CIMC Raffles properly served a Summons and the Petition on Schahin Holding S.A. ("Schahin Holding"), Schahin Engenharia S.A. ("Schahin Engenharia"), and Sea Biscuit International Inc. ("Sea Biscuit"). Schahin Holding, Schahin Engenharia, and Sea Biscuit had twenty-one days to issue a response to the Petition but failed to do so, and therefore do not oppose the Petition. The record before the Court is complete, and there are no issues of material fact in dispute. As a result, the Court should enter final judgment against Schahin Holding, Schahin Engenharia, and Sea Biscuit and grant the Petition in full, including pre-judgment interest, post-judgment interest, costs and attorney's fees.

## FACTS

On December 26, 2012, an Arbitral Tribunal ("Arbitral Tribunal") rendered a final arbitration award in favor of Petitioners CIMC Raffles and against Respondents, six closely-related companies. *See* Supplemental Declaration of Nwamaka G. Ejebe, dated February 14, 2013, ¶¶ 3-6, Exhibits 1-2. Respondents Schahin Holding and Schahin Engenharia are incorporated in Brazil, and Sea Biscuit is incorporated in the British Virgin Islands.

Collectively, Schahin Holding, Schahin Engenharia, and Sea Biscuit will be referred to as the "Foreign Respondents." The remaining three respondents, Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL"), and Soratu Drilling LLC ("SDL") are incorporated in Delaware. In the award ("Final Award"), the Arbitral Tribunal concluded that the contracts underlying the dispute were clear and unambiguous, and that Respondents were obligated to repay the loans made to them by Petitioners. On January 2, 2013, CIMC Raffles issued a demand letter to Respondents in which Petitioners requested that they abide by the terms of the Final Award and make immediate and full payment. *See* Declaration of David W. Rivkin, dated March 6, 2013 ("Rivkin Decl. March 6") ¶ 1, Exhibit1. On the same day, CIMC Raffles filed the Petition. Since the issuance of the Final Award, Petitioners have sent Respondents multiple demand letters, but Respondents have yet to fulfill the terms of the Final Award. *See* Rivkin Decl. March 6 ¶ 3, Exhibit 1.

On January 23, 2013, CIMC Raffles served Black Gold, SDL, and BDL each a Summons, the Petition and supporting documents, this Court's Individual Practices and ECF Rules, through its registered agent in Wilmington, DE. *See* Rivkin Decl. March 6 at ¶ 4, Exhibit 2. When Black Gold, SDL, and BDL failed to respond to the Petition within the twenty-one days required by Fed. R. Civ. P. 12(a)(1)(A), CIMC Raffles filed motion requesting that the Court grant the Petition against them. On March 13, 2013, the Court granted CIMC Raffles' motion and entered final judgment against Black Gold, SDL, and BDL.

On March 6, 2013, CIMC Raffles filed a motion to serve the Foreign Respondents through alternative means under Fed. R. Civ. P. 4(h)(2) and 4(f)(3). The Court granted CIMC Raffles' motion on March 14, 2013. In accordance with Court's Alternative Service Order, on

March 15, 2013, CIMC Raffles served Schahin Holding and Schahin Engenharia via hand delivery to their attorneys in related matters, via International Federal Express to Respondents' headquarters,[1] via email to Schahin officials. On the same day, CIMC Raffles also served Sea Biscuit via hand delivery to its attorneys in related matters. With each method of service, CIMC Raffles served the Foreign Respondents with the Summons, Petition and supporting documents, this Court's Individual Practices and ECF Rules. *See* Declaration of David W. Rivkin, dated April 9, 2013 ("Rivkin Decl.") ¶ 3, Exhibit1. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Schahin Holding, Schahin Engenharia, and Sea Biscuit were required to responded to the Petition on April 5, 2013. They failed to respond to the Petition by that date.

## ARGUMENT

**I.      Schahin Holding, Schahin Engenharia and Sea Biscuit Do Not Oppose the Petition.**

Schahin Holding, Schahin Engenharia and Sea Biscuit were properly served on March 18, 2013. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure required that the Foreign Respondents serve an answer within twenty-one days of service. Like the Delaware respondents, they did not oppose the Petition by the required deadline of April 5, 2013, nor did they request an extension of time. To this day, the Foreign Respondents have yet to file any response to the Petition.

---

[1] In accordance with the Court's Alternative Service Order of March 14, 2013, CIMC Raffles delivered two packages containing Schahin Holding and Schahin Engenharia's Summons and the Petition to Federal Express on March 15, 2013. One package was addressed to Respondents directors' Salim Taufic Schahin and Milton Taufic Schahin, and the other was addressed to the head of Schahin Engenharia's legal department, Mr. João Alves Meira Neto. After taking receipt of the package addressed to Messrs. Schahin, Federal Express lost it. *See* Rivkin Decl. ¶ 5, Exhibit 2. Once CIMC Raffles was alerted to the fact that the package lost, it promptly sent another one. Packages addressed to Mr. Neto and Messrs. Schahin and were eventually delivered to their intended addresses on March 19 and March 26, respectively, but Respondents refused to take possession of them. See Rivkin Decl. ¶ 6, Exhibit 3.

## II. CIMC Raffles Have Sufficiently Supported the Petition and Demonstrated that There Are No Questions of Material Fact.

In the Second Circuit, unopposed petitions to confirm arbitration awards are treated like unopposed summary judgment motions. S*ee D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95,109 (2d Cir. 2006) ("[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."); *see also The Trustees of the Unite Here Nation-Al Health Fund, et al. v. JY Apparels, Inc.*, 535 F. Supp.2d 426, 428 (S.D.N.Y. Feb. 19, 2008) (quoting *Gottdiener*, 462 F.3d at 110) ("[G]enerally, a district court should treat an unanswered … petition to confirm/vacate as an unopposed motion for summary judgment. In essence, the petition and the accompanying record became a motion for summary judgment.") (Internal quotations marks removed.)

When Respondents fail to respond to these applications, courts examine the moving party's submissions as well as the record to determine that no material issue of fact remains for trial. *Id*. Like a motion for summary judgment, an unopposed petition to confirm an arbitration award must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also Ace Property & Cas. Ins. Co. v. AXA Re*, No. 11 Civ. 7050 (DLC), 2012 WL 43254, at *1 (S.D.N.Y. Jan. 9, 2012).

In this case, the record is complete, and there are no material issues of fact in dispute. The record before this Court contains valid arbitration agreements, a valid Final Award and a sworn affidavit declaring that Schahin Holding, Schahin Engenharia and Sea Biscuit were properly served. *See* Declaration of David W. Rivkin, dated January 2, 2013 at ¶¶ 4-5, Exhibits 2-3. Respondents have not submitted any opposition to raise a question of fact.

Moreover, Petitioners are entitled to confirmation of their Petition as a matter of law. Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, requires that "[t]he court <u>shall</u> confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (Emphasis added.)  Respondents simply have no grounds under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented by 9 U.S.C. §§ 201-08, or the Federal Arbitration Act, codified at 9 U.S.C. §§ 1 et seq., to challenge confirmation.  The procedures establishing the Arbitral Tribunal and conducting the hearing were proper and in accordance with a valid agreement to arbitration.  Both Parties submitted multiple rounds of briefings, documentary evidence, witness testimony and had the opportunity to be heard at a full-day hearing.  Based on these submissions, the Arbitral Tribunal issued a unanimous award addressing all of the issues raised by the Parties.

**III.   CIMC Raffles Should be Granted Costs and Attorney's Fees.**

In addition to entering the terms of the Final Award as judgment, Petitioners request that this Court grant them the costs of this action and attorney's fees and costs.  Respondents' actions fully justify the issuance of these amounts.

Pursuant to Federal Rules of Civil Procedure 54(d), costs for this action are appropriate. The rule provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  There are no statutes or rules that prohibit the provision of costs in this action.  The filing fee for the Petition was US$350.00.  *See* Rivkin Decl. ¶ 8.

The Court is justified in granting attorney's fees as a result of the Foreign Respondents' actions.  This Court may use its equitable powers to award attorney's fees whenever a party

5

refuses to comply with the terms of a final arbitration award. The Second Circuit has concluded that:

> "[P]ursuant to its inherent equitable power, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *see also Celsus Shipholding Corp. v. Pelayaran Kanaka Dwimitra Manunggal*, No. 06 Civ. 13598 (DLC), 2008 U.S. Dist. LEXIS 12842, * 4 (S.D.N.Y. Feb. 21, 2008) ("[T]he defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorneys' fees and costs for the confirmation proceeding is granted . . . .")

The Arbitral Tribunal ordered BDL and SDL to pay the full amount of the Final Award by January 27, 2013. The Final Award also specified that if those amounts were not paid by January 27, 2013, all six Respondents, including the Foreign Respondents, were liable for the amounts due. Schahin Holding, Schahin Engenharia and Sea Biscuit have failed to heed the Arbitral Tribunal's decision and have forced CIMC Raffles to incur attorney's fees to pursue enforcement of the Final Award in this Court. Petitioners have incurred US$69,582.68 in attorney's fees and costs in order to enforce the Petition against the Foreign Respondents. *See* Rivkin Decl. ¶ 12. Respondents have not provided CIMC Raffles or the Court any justification for not abiding with the Arbitral Tribunal's Final Award. Attorney's fees therefore should be granted.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter the Unopposed Petition against Schahin Holding, Schahin Engenharia, and Sea Biscuit and order the relief requested.

Dated: April 9, 2013

        Respectfully submitted,
        DEBEVOISE & PLIMPTON LLP
        /s/ David W. Rivkin
        David W. Rivkin
        dwrivkin@debevoise.com
        Nwamaka G. Ejebe
        nejebe@debevoise.com
        919 Third Avenue
        New York, New York 10022
        Telephone: 212-909-6000

*Co-counsel for Petitioners*