IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>    v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

**To:** **Dexia Credit Local, New York Branch, Garnishee**
**445 Park Avenue**
**New York, NY 10022 2606**

    WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

    WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

<u>NEW YORK CIVIL PRACTICE LAW AND RULES</u>

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 24, 2013

SCHULMAN BLACKWELL LLP

_____
Dan J. Schulman
dschulman@schulmanblackwell.com
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 688-5214

2

# AFFIDAVIT OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND
YANTAI CIMC RAFFLES OFFSHORE LIMITED,

Plaintiff(s)
Petitioner(s)

INDEX #:
13 CIV. 0052 (JSR) ECF CASE

- against -

SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A.,
SEA BISCUIT INTERNATIONAL INC., BLACK GOLD
DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU
DRILLING LLC,

Defendant(s)
Respondent(s)

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/24/2013, 04:08PM at 445 PARK AVENUE, NEW YORK NY 10022-2606, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on DEXIA CREDIT LOCAL, NEWYORK BRANCH, GARNISHEE, a garnishee in the above action.

By delivering to and leaving with MARCUS WENDEHOG at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex M   Approximate age 43   Approximate height 5'09"   Approximate weight 175   Color of skin WHITE   Color of hair BLOND   Other GLASSES

SCHULMAN BLACKWELL
LLP

11 BROADWAY
SUITE #615
NEW YORK, NY 10004
(646)688-5214

_Tony Conigliaro_
TONY CONIGLIARO   License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

**To:** Intesa San Paolo, S.p.A., NY Branch, Garnishee
      1 William Street
      New York, NY 10004 2595

    WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

    WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

<u>NEW YORK CIVIL PRACTICE LAW AND RULES</u>

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 24, 2013

SCHULMAN BLACKWELL LLP

_____
Dan J. Schulman
dschulman@schulmanblackwell.com
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 688-5214

**AFFIDAVIT OF SERVICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND
YANTAI CIMC RAFFLES OFFSHORE LIMITED,

                              Plaintiff(s)
                              Petitioner(s)

      - against -

SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A.,
SEA BISCUIT INTERNATIONAL INC., BLACK GOLD
DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU
DRILLING LLC,

                              Defendant(s)
                              Respondent(s)

INDEX #:
13 CIV. 0052 (JSR)  ECF CASE

---

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/25/2013, 10:53AM at 1 WILLIAM STREET, LOBBY, NEW YORK NY 10004-2595, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on INTESA SAN PAOLO, S.P.A., NY BRANCH, GARNISHEE, a garnishee in the above action.

By delivering to and leaving with SERENA PALUMOO, ESQ. at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F    Approximate age 36    Approximate height 5'05"    Approximate weight 122    Color of skin WHITE    Color of hair BLONDE

SCHULMAN BLACKWELL
LLP

11 BROADWAY
SUITE #615
NEW YORK, NY 10004
(646)688-5214

*[signature]*
TONY CONIGLIARO    License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

*[signature]*

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

To:   Shinhan Bank, New York Branch, Garnishee
(By Hand)
      600 Third Ave. 17th Floor
      New York, NY 10016

   WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

   WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

<u>NEW YORK CIVIL PRACTICE LAW AND RULES</u>

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 24, 2013

                                              SCHULMAN BLACKWELL LLP

                                              _____
                                              Dan J. Schulman
                                              dschulman@schulmanblackwell.com
                                              11 Broadway, Suite 615
                                              New York, New York 10004
                                              Telephone:  (646) 688-5214

# AFFIDAVIT OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND
YANTAI CIMC RAFFLES OFFSHORE LIMITED,

                                                  Plaintiff(s)
                                                  Petitioner(s)

             - against -

SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A.,
SEA BISCUIT INTERNATIONAL INC., BLACK GOLD
DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU
DRILLING LLC,

                                                  Defendant(s)
                                                  Respondent(s)

INDEX #:
13 CIV. 0052 (JSR)  ECF CASE

---

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/25/2013, 01:10PM at 600 THIRD AVENUE, LOBBY, NEW YORK NY 10016, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on SHINHAN BANK, NEW YORK BRANCH, GARNISHEE, a garnishee in the above action.

By delivering to and leaving with HYUNSEOK KYUNG at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex M    Approximate age 32    Approximate height 5'09"    Approximate weight 157    Color of skin WHITE    Color of hair BLACK    Other GLASSES & ACCENT

SCHULMAN BLACKWELL
LLP

11 BROADWAY
SUITE #615
NEW YORK, NY  10004
(646)688-5214

*Tony Conigliaro* (signature)
TONY CONIGLIARO    License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>    v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

**To:** Deutsche Bank AG, Garnishee
**(By Hand)**
    60 Wall Street
    New York, NY 10005 2858

    WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

    WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

<u>NEW YORK CIVIL PRACTICE LAW AND RULES</u>

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 24, 2013

SCHULMAN BLACKWELL LLP

_____
Dan J. Schulman
dschulman@schulmanblackwell.com
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 688-5214

2

**AFFIDAVIT OF SERVICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED, | INDEX #: 13 CIV. 0052 (JSR) ECF CASE |
| Plaintiff(s) / Petitioner(s) | |
| - against - | |
| SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC, | |
| Defendant(s) / Respondent(s) | |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/24/2013, 11:47AM at 60 WALL STREET, LOBBY, NEW YORK NY 10005-2858, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on DEUTSCHE BANK AG, GARNISHEE, a garnishee in the above action.

By delivering to and leaving with KRIS KWONG at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 34   Approximate height 5'05"   Approximate weight 107   Color of skin WHITE   Color of hair RED

SCHULMAN BLACKWELL LLP

11 BROADWAY
SUITE #615
NEW YORK, NY 10004
(646)688-5214

_Tony Conigliaro_
TONY CONIGLIARO   License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>    v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

To:    Morgan Stanley, Garnishee
(By Hand)
        1585 Broadway
        New York, NY 10036

    WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

    WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

NEW YORK CIVIL PRACTICE LAW AND RULES

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 24, 2013

SCHULMAN BLACKWELL LLP

_____
Dan J. Schulman
dschulman@schulmanblackwell.com
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 688-5214

2

**AFFIDAVIT OF SERVICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND
YANTAI CIMC RAFFLES OFFSHORE LIMITED,

                Plaintiff(s)
                Petitioner(s)

- against -

SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A.,
SEA BISCUIT INTERNATIONAL INC., BLACK GOLD
DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU
DRILLING LLC,

                Defendant(s)
                Respondent(s)

INDEX #:
13 CIV. 0052 (JSR) ECF CASE

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/24/2013, 03:01PM at 1221 6TH AVENUE, MESSAGE CENTER, NEW YORK NY 10020, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on MORGAN STANLEY, GARNISHEE, a garnishee in the above action.

By delivering to and leaving with NADINE LEE at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 48   Approximate height 5'06"   Approximate weight 129   Color of skin BLACK   Color of hair BROWN

SCHULMAN BLACKWELL
LLP

11 BROADWAY
SUITE #615
NEW YORK, NY 10004
(646)688-5214

*Tony Conigliaro*
TONY CONIGLIARO   License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>    v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

## RESTRAINING NOTICE

**To:   Deutsche Bank Securities Inc., Garnishee**
**(By Hand)**
    **c/o C T CORPORATION SYSTEM**
    **111 EIGHTH AVENUE**
    **NEW YORK, NEW YORK, 10011**

    WHEREAS, in an action in the United States District Court for the Southern District of New York, between CIMC Raffles Offshore (Singapore) Limited and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") as petitioners and Schahin Holding S.A., Schahin Engenharia S.A., Sea Biscuit International Inc., Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") as respondents, who are all the parties named in the action, a judgment was entered on March 19, 2013, in favor of CIMC Raffles, judgment creditor, and against Black Gold, BDL, and SDL, judgment debtors, for the total amount of US$ 70,735,871.24, of which the entire amount, together with accruing post-judgment interest, remains due and unpaid.[1]

    WHEREAS, it appears that you are in possession or custody of property in which the judgment debtors have an interest.

---

[1] The liability for the total amount of the judgment, excluding post-judgment interest, is assigned as follows: Black Gold and BDL are jointly and severally liable for US$46,878,257.21; Black Gold and SDL are jointly and severally liable for US$23,774,475.07; Black Gold, SDL and BDL are jointly and severally liable for the remaining amount of US$83,138.96.

TAKE NOTICE that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer of, or any interference with any property in which Black Gold, BDL or SDL have an interest, except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which Black Gold, BDL or SDL has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

<u>NEW YORK CIVIL PRACTICE LAW AND RULES</u>

Section §5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: April 25, 2013

                                            SCHULMAN BLACKWELL LLP

                                            _____
                                            Dan J. Schulman
                                            dschulman@schulmanblackwell.com
                                            11 Broadway, Suite 615
                                            New York, New York 10004
                                            Telephone:  (646) 688-5214

# AFFIDAVIT OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Plaintiff(s)<br>Petitioner(s)<br><br>- against -<br><br>SCHAHIN HOLDING, S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>Defendant(s)<br>Respondent(s) | INDEX #:<br>13 CIV. 0052 (JSR)  ECF CASE |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 04/25/2013, 12:05PM at 111 8TH AVENUE, 13TH FLOOR, NEW YORK NY 10011, deponent served the within RESTRAINING NOTICE, JUDGMENT DATED 3/19/13 & ORDER OF JED S. RAKOFF U.S.D.J. DATED 3/11/13 on DEUTSCHE BANK SECURITIES INC., GARNISHEE, BY SERVING CT CORPORATION SYSTEM, ITS AUTHORIZED AGENT FOR SERVICE OF PROCESS, a garnishee in the above action.

By delivering to and leaving with AIXA FLORES at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 50   Approximate height 5'05"   Approximate weight 128   Color of skin WHITE   Color of hair RED   Other GLASSES

SCHULMAN BLACKWELL LLP
11 BROADWAY
SUITE #615
NEW YORK, NY 10004
(646)688-5214

TONY CONIGLIARO   License # 1220476

Sworn to before me on 04/29/2013
MAUREEN MCCAFFREY NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2013

APPLE ATTORNEY SERVICE, PO BOX 470, MINEOLA NY 11501
Phone: 516-742-0077 * Fax: 516-742-4726