```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
CIMC RAFFLES OFFSHORE (SINGAPORE)    :
LIMITED, and YANTAI CIMC RAFFLES     :
OFFSHORE LIMITED,                    :
                                     :
                 Petitioners,        :
                                     :     13 Civ. 52 (JSR)
         -v-                         :
                                     :     ORDER
SCHAHIN HOLDING S.A., SCHAHIN        :
ENGENHARIA S.A., SEA BISCUIT         :
INTERNATIONAL INC., BLACK GOLD       :
DRILLING LLC, BAERFIELD DRILLING LLC,:
and SORATU DRILLING LLC,             :
                                     :
                 Respondents.        :
------------------------------------ x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #:
DATE FILED: 7/23/13

JED S. RAKOFF, U.S.D.J.

    On December 26, 2012, petitioners CIMC Raffles Offshore (Singapore) Ltd. and Yantai CIMC Raffles Offshore Ltd. (collectively, "CIMC") obtained a nearly $70 million arbitration against respondents Baerfield Drilling LLC ("BDL"), Soratu Drilling LLC ("SDL"), Black Gold Drilling LLC ("Black Gold"), Schahin Holding S.A., Schahin Engenharia S.A., and Sea Biscuit International Inc., six entities that are part of the Schahin family of companies. After CIMC filed a petition seeking confirmation of the arbitration award, the Court granted judgment against BDL, SDL, and Black Gold on March 13, 2013, and against the remaining three respondents, Schahin Holding, Schahin Engenharia, and Sea Biscuit International, on April 21, 2013.

    Since then, CIMC has undertaken substantial efforts to recover on its judgment, including issuing restraining notices to various third parties, and there has been considerable litigation regarding the scope of these efforts. As a result of one of these disputes, on April

30, 2013, the Court issued an order (1) directing "Black Gold, BDL and SDL to bring into New York and turn over to CIMC funds sufficient to satisfy the judgment issued against them," and (2) allowing CIMC to attach and execute upon payments made to Schahin Engenharia as reimbursement for operating expenses in relation to the operations of two ships owned by Black Gold, SDL, and BDL once those payments were released from certain bank accounts controlled by secured lenders to the judgment debtors. See CIMC Raffles Offshore (Singapore) Ltd. v. Schahin Holding S.A., No. 13 Civ. 52, 2013 WL 1800107, at *4 (S.D.N.Y. Apr. 30, 2013).

On July 12, 2013, the interested parties to this action convened a conference call with the Court and brought to the Court's attention that CIMC had served on Petroleo Brasileiro, S.A.—Petrobras ("Petrobras"), a Brazilian petroleum company that conducts substantial business with the judgment debtors and other Schahin entities, with restraining notices and writs of execution for any of the respondents' assets held by, or payments due to the defendants from, Petrobras. Upon receiving this information, Petrobras indicated at least to respondents that, because it feared sanctions should it fail to comply, it would refuse to make any payments to any Schahin-related entity, regardless of whether the particular entity due payment was one of the judgment debtors, unless it received assurances from petitioners or clarification from the Court regarding the scope of the restraints.  After efforts to reach an agreement failed, respondents sought clarification from the Court as to the scope of the restraints.

Accordingly, the Court clarifies that the writs of execution and the restraining notices served by petitioners on third parties, including Petrobras, do not restrain the payment by those third parties of debts owed or other payments due to be made to non-judgment debtors, including subsidiaries or other affiliates of the judgment debtors, unless the non-judgment debtor is an alter ego of the judgment debtor. Similarly, the writs of execution and restraining notices do not restrain the disposition by third parties of property of non-judgment debtors, with the same condition.

Additionally, the writs of execution and the restraining notices apply only to the specific third parties on which such documents have been served, and do not require other parties, including subsidiaries or other affiliates of those third parties, to take or refrain from taking any action.

Finally, as explained further in the Court's April 30 Order, CIMC may not restrain or levy on any accounts, even if held in the names of the judgment debtors, if those accounts are subject to a senior secured lender's total control or perfected lien. See 2013 WL 1800107, at *3; N.Y. C.P.L.R. § 5201(b) (money judgment may only be enforced against property "which could be assigned or transferred" by the judgment debtor).

SO ORDERED.

Dated: New York, New York
       July 19, 2013

_____
JED S. RAKOFF, U.S.D.J.