# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CIMC RAFFLES OFFSHORE (SINGAPORE)
LTD. and YANTAI CIMC RAFFLES OFFSHORE
and LIMITED,

                            Petitioners,

                  v.

SCHAHIN HOLDING S.A., SCHAHIN
ENGENHARIA S.A., SEA BISCUIT
INTERNATIONAL INC., BLACK GOLD
DRILLING LLC, BAERFIELD DRILLING LLC
and SORATU DRILLING LLC,

                           Respondents.

                                                     13 Civ. 0052 (JSR)

------------------------------------------------------------------x

## DECLARATION OF FERNANDO SCHAHIN

I, Fernando Schahin, declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct, pursuant 28 U.S.C. § 1746:

        1.  I am the Chief Financial Offer for the group of companies commonly referred
to as Grupo Schahin or the Schahin Group.  Unless otherwise stated, I have personal knowledge
of the information set forth herein, and if called to testify in this matter would testify as set forth
herein.

        2.  Since December 26, 2012, the date of the New York arbitral award, the
Respondents have made numerous attempts to satisfy the judgment by suggesting various
installment payment plans which would allow them to satisfy the judgment despite liquidity
restraints.

3.   CIMC has served approximately 58 restraining notices, including on a number of financial institutions that do not have business relationships with the Respondents, including Banco de Brasil, S.A., Morgan Stanley, Bank of Tokyo Mitsubishi Ufj, Ltd., and Banco Comercial Portugues.

4.   Traditionally, the Respondents would obtain financing in order to satisfy a $69.47 million obligation, the size of the New York arbitral award. ████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████

5.   ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

6.   ██████████████████████████████████████

████████████████████████████████████████

██████████████████████

7.   ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

8.   ██████████████████████████████████████

████████████████████████████████████████

2

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

9.  ███████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

        10. Offshore operating expenses for the S.C. Lancer are paid to Turasoria S.A.,

while offshore operating expenses for the Vitoria 10,000 are paid to Deep Black LLP.  No

offshore operating expenses for the S.C. Lancer or the Vitoria 10,000 are paid to Schahin

Engenharia, or any other of the Respondents.

        11. ██████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

3

[redacted]

12. Attached hereto at Exhibit A is a true and correct copy of the 2011 financial statement of Baerfield Drilling LLC, audited by PricewaterhouseCoopers.

13. Attached hereto at Exhibit B is a true and correct copy of the 2012 financial statement of Baerfield Drilling LLC, audited by PricewaterhouseCoopers.

14. Attached hereto at Exhibit C is a true and correct copy of the unaudited 2013 second-quarter financial statement of Baerfield Drilling LLC.

15. Attached hereto at Exhibit D is a true and correct copy of the 2011 financial statement of Soratu Drilling LLC, audited by PricewaterhouseCoopers.

16. Attached hereto at Exhibit E is a true and correct copy of the 2012 financial statement of Soratu Drilling LLC, audited by PricewaterhouseCoopers.

17. Attached hereto at Exhibit F is a true and correct copy of the unaudited 2013 second-quarter financial statement of Soratu Drilling LLC.

18. Attached hereto at Exhibit G is a true and correct copy of the 2011 financial statement of Black Gold Drilling LLC, audited by PricewaterhouseCoopers.

19. Attached hereto at Exhibit H is a true and correct copy of the 2012 financial statement of Black Gold Drilling LLC, audited by PricewaterhouseCoopers.

20. Attached hereto at Exhibit I is a true and correct copy of the unaudited 2013 second-quarter financial statement of Black Gold Drilling LLC.

21. Attached hereto at Exhibit J is a true and correct copy of the 2011 financial statement of Sea Biscuit International Inc., audited by PricewaterhouseCoopers.

22. Attached hereto at Exhibit K is a true and correct copy of the 2012 financial statement of Sea Biscuit International Inc., audited by PricewaterhouseCoopers.

23. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████Attached hereto at Exhibit L is a true and correct copy of the September 2013 WTC.

Dated:    São Paulo, Brazil
             August 27, 2013

Signed at São Paulo, Brazil under penalty of
perjury under the laws of the United States of
America,

By: _____

Fernando Schahin