IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>     Petitioners,<br><br>     v.<br><br>SCHAHIN HOLDING S.A., SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC., BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br><br>     Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case |

**DECLARATION OF JOSEPH P. MOODHE IN SUPPORT OF CIMC RAFFLES' OPPOSITION TO JUDGMENT DEBTORS' MOTION TO STAY ENFORCEMENT**

I, Joseph P. Moodhe, declare as follows:

1. I am a member of the law firm of Debevoise & Plimpton LLP, co-counsel to CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles"). I am fully familiar with the facts and circumstances underlying this action based on personal knowledge and a review of the records in my possession.

2. I make this Declaration to put before the Court certain information and exhibits related to CIMC Raffles' opposition to the motion by Schahin Engenharia S.A. ("Schahin Engenharia"), Black Gold Drilling LLC ("Black Gold"), Baerfield Drilling

1

LLC ("BDL"), and Soratu Drilling LLC ("SDL") (collectively, "Judgment Debtors") to stay enforcement of the judgments issued against them by this Court and entered by the Clerk of the Court on March 19, 2013 and April 24, 2013 ("Judgments").

3. Attached to this Declaration as Exhibit 1 is a true and correct copy of an October 7, 2011 letter from Fernando Schahin to Mai Bo Liang, the Chairman and CEO of CIMC Raffles, relating to business negotiations over Respondents' late payments under the parties' shipbuilding contracts and advance and equity conversion agreements.

4. CIMC Raffles has had a long-standing requirement, communicated to counsel for Judgment Debtors on or before May 8, 2013, that it would not accept any settlement offer that did not satisfy the Judgments by the end of this year. It was not until August 13, 2013 that the Judgment Debtors made an offer that included a specific payment schedule that met CIMC Raffles' stated demand.

5. In making that offer, Judgments Debtors gave CIMC Raffles 24 hours to respond, which CIMC Raffles did, even though Judgment Debtors had not yet provided the financial disclosures CIMC Raffles had requested weeks before.

6. On August 15, 2013, the Parties appeared before the Court for a preliminary conference. Attached to this Declaration as Exhibit 2 is a true and correct copy of the transcript for that hearing. During that hearing, both parties informed the Court that they believed they were very near an agreement in principle to settle the action.

7. Following the hearing, the Parties had further discussions, and Judgment Debtors for the first time advised that (i) the financing source for their settlement offer, Petrolelo Brasiliero S.A ("Petrobras"), still had not approved advancing the funds, (ii)

2

they needed an additional 60 days to arrange financing for the offer, and (iii) they needed to change the payment schedule they had previously offered.

8. Discussions between the two sides continued through August 23 2013, when CIMC Raffles' legal department head, LUI Yen Chow, who had full authority to settle, flew in from Singapore with the intention of attending settlement talks with the General Counsel of Judgment Debtors and their outside counsel, Linklaters LLP.

9. At the settlement meeting, representatives from Judgment Debtors did not appear and neither did Mr. Hessler, the lead partner from Linklaters LLP. The only person who attended the settlement conference for Judgment Debtors was Mr. Hessler's lead associate Patrick Ashby. Mr. LUI was accompanied at the meeting by myself and my co-counsel, Dan Schulman.

10. In order to maintain the payment schedule that Respondents had offered, which was acceptable to CIMC Raffles, we suggested that the Judgment Debtors provide funds from their own resources (in addition to the amounts restrained and those owed by Petrobras) in advance of whatever financing they might be able to obtain from Petrobras, placing the risk of Petrobras not providing financing squarely on Respondents. Mr. Ashby called Brazil, and we were advised that Judgment Debtors refused to provide any funds from their own accounts in Brazil.

11. During a phone call with the Court's law secretary later that afternoon, counsel for Judgment Debtors for the first time announced that an unspecified amount was going to be paid to CIMC Raffles.

12. In an email sent on August 26, 2013, Mr. Ashby advised that Judgment Debtors had filed a certificate permitting release of $7.8 million of offshore operating

3

expense payments to Schahin Engenharia. Attached to this Declaration as <u>Exhibit 3</u> is a true and correct copy of Mr. Ashby's email.

13.     Co-counsel, Dan Schulman, contacted counsel for Portigon AG to determine whether the offshore operating funds would be released. As of the date of this declaration, I have confirmed with CIMC Raffles that they have not received any payment in satisfaction of the Judgments, neither the offshore operating funds mentioned in the foregoing paragraphs, nor any funds from Petrobras.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2013.

*[signature]*
Joseph P. Moodhe